UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

CA 04 421

| | | |
|---|---|---|
| Ike Weems | : | |
| Petitioner, | : | |
| -against- | : | CR00-142T |
| United States of America | : | |
| respondent, | : | |
| | : | |

FILED OCT 01 2004 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

MOTION FOR APPOINTMENT OF COUNSEL

Please take notice, that Ike Weems, appearing through pro-se representation and respectfully moves this honorable court to appoint counsel for the purpose of representing the petitioners cause in the proceeding of petitioners petition, pursuant to title 28 U.S..C. § 2255 motion to vacate, set aside or collect sentence conviction; also, for the effective utilization of the discovery process pursuant to Title 18 U.S.C. § 300b A (g).

Wherefore: the petitioner, Ike Weems, prays this honorable court will appoint counsel to represent him in the above-action, and for any and all relief the court may deem just and proper.

Date: 9-23-04

CC: Honorable Judge Torres
Chief United States District Judge

Assistant U.S. Attorney's Office

Clerk of Court

Respectfully Submitted,

I. Weems

Ike Weems, pro se
Petitioner
Ike Weems
U.S.P. Big Sandy
P.O. Box 2068
Inez, KY 41224

DENIED

Ernest C. Torres

Ernest C. Torres
Chief, US District Judge
10/14/04

7

PRO SE STATUS

Petitioner respectfully request that this court view this motion in the light of Appeallate Courts and the Supreme Courts ruling that pro-se litigants are to be construed liberally and held to less strigent standards than an attorney. (Haines v. Kerner, 404 U.S. 519 (1972); Hugh v. Rowe, 449 U.S. 5 (1980); Simmons v. Abruzz, 49 f3d. 82 (2nd Cir 1995); United States v. Ajello, 841 f2d.109 (2nd Cir 1987) ( [I]f affidavits of petitioner and government disclose genuine issues of material facts, a habeas application will survive motion to dismiss); See also, Cuadra v. Sullivan, 837 f2d.56 (2nd Cir 1988) (Where habeas petitions pro se, district court should review habeas petitions with lenient eye, allowing borderline cases to proceed).

Also see; Winkler v. Keare, 7 f3d 304 (2nd Cir 1993) Cert denied,_____ U.S. _____, 114 S.Ct 1407, 128 Led2d 79 (1994). Petitioner might have prevailed if he had been given the opportunity to prove his allegations. Anderson v. United States, 898 f2d 585, 588. (7th Cir 1990) Holding that evidentiary hearing should be granted where important issues of fact not developed at trial through no fault of defendant and where records does not conclusively demonstrate that petitioner is entitled to no relief.

Respectfully Submitted;

I. Weems

Ike Weems pro se
Petitioner