IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF RHODE ISLAND

FILED JAN 31 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

IKE WEEMS,
Petitioner

V. CASE NO. 04 - 421T

UNITED STATES OF AMERICA,
Respondent

Motion For Expansion of Record Pursuant To Rule 7 of the Rules Governing Section 2255 Proceedings

Please take notice, that the above- named petitioner, IKE WEEMS, appearing in pro-se status, and respectfully moves the court , pursuant to the Title U.S.C. Section 2255, rule 7(b), for expansion of the record.

The material item petitioner request to be added is attached affidavit which supports petitioners claims in ground four part (A) and part (D).

Conclusion

Wherefore, petitioner respectfully submits this motion pursuant to rule 7, and hopes and prays that the court grants motion for expansion of the record for the reasons stated herein, and for such other relief that the court deems just and proper.



17

Respectfully Submitted,

I. Weems

IKE WEEMS Pro-Se
U.S.P. Big Sandy
P.O. Box 2068
Inez, KY 41224

DATE: 1-21-05

cc: Honorable Judge Torres
Chief United States District Judge

Assistant U.S. Attorney's Office

Clerk of the Court

GRANTED

Ernest C. Torres

Ernest C. Torres
Chief, US District Judge

2/13/05

# Affidavit

I, IKE WEEMS, declare under penalty of perjury that the statements I make in this affidavit are true and correct.

During trial of October 16, 2001, during direct examination of CHRISTOPHER MACON, Trial counsel Jeffrey Richardson was sleeping. I had to awaken counsel so he could object to governments questioning continuously on what else did he say to Trojano about gun.

Afterwards, I tried to tell counsel to object to the governments showing Macon the gun, because the Government had not laid the proper foundation by having Macon first describe gun before showing it to him, and counsel was asleep. Counsel did not respond even though we agreed to object to this before trial. Mr. Richardson had cross-examined Agent Trojano and challenged him on the point of Macon not describing the gun to him and Trojano was not being truthful about Macon telling him I had a particular type of firearm. The Following day, after counsel fainted, he came to visit me and he gave me copies of Macon's trial testimony. I asked him how did he get these transcripts and I thought it was unusual to get trial transcripts in mid-trial. Mr. Richardson told me he had a conference with the judge and told the judge that after his collapse he couldn't recall any of Macon's Testimony and requested a copy of Macon's testimony so he could properly impeach Macon. Counsel was sleep during substantial portions of Macon's direct examination and in and out of consciousness. I am not a doctor so I can not medically explain his pre-syncopal symptoms.

DATE: 1-21-05

Signed: I. Weem

Certificate of Service

I hereby certify on the 21st day of January, 2005, I forwarded a copy of a motion for expansion of the record, by postage mail to;

Dulce Donovan
Assitant U.S. Attorney
50 Kennedy Plaza, 8th fl.
Providence, RI 02903

Respectfully Submitted,

I. Weems

IKE WEEMS Pro-Se
U.S.P._Big Sandy
P.O. box 2068
Inez, KY 41224