IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF RHODE ISLAND

FILED JAN 31 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

IKE WEEMS,
Petitioner

V.

CASE NO. 04-~~141T~~ 421

UNITED STATES OF AMERICA,
Respondent

Motion For Extension of Time
Or To Have A Time Fixed By Court

On Jan. 12, 2005, Petitioner received governments motion and memorandum of law opposing petitioners motion to vacate sentence pursuant to 28 U.S.C. Section 2255. Petitioner would like to reply. Governments legal arguments in memorandum of law are complex and lengthy. Petitioner being a novice at the law and proceeding pro-se with limited law library time is unable to respond at this date to Governments motion and memorandum. Accordingly, petitioner respectfully requests an extension of time until Feb. 15, 2005, or, for thecourt to permit petitioner to submit a reply to the respondents motion within a time fixed by the court according to rule five(d) in the rules governing Section 2255 proceedings for the united States District Courts(see attached amendmnts rules).

Wherefore, based on the foregoing, petitioner respectfully request an extension of time until Feb. 15, 2005, or for the Court to have a fixed time for petitioner to reply to governments motion and memorandum of law.



18

DAte: 1-21-05

Respectfully Submitted

I Weems

IKE WEEMS Pro-Se
U.S.P. Big Sandy
P.O.Box 2068
Inez, KY 41224

GRANTED Petitioner has 21 days from the date of this order to respond

Ernest C. Torres

Ernest C. Torres
Chief, US District Judge
4/13/05

RECEIVED

13 18

FILED

Certificate Of Service

I hereby certify on 21st day of Jan. 2005, I forwarded a Copy of a motion for extension of time, by postage mail to;

Dulce Donovan
Assistant U.S. Attorney
50 Kennedy Plaza, 8th fl.
Providence, RI 02903

Respectfully submitted,

A. Ween

***19255 Rules Governing § 2255 Proceedings, Rule 5, 28 U.S.C.A. foll. § 2255**

**UNITED STATES CODE ANNOTATED**
**TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE**
**PART VI--PARTICULAR PROCEEDINGS**
**CHAPTER 153--HABEAS CORPUS**
**RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS**

*Amendments received to 05-19-04*

## Rule 5. Answer; Contents

**(a) Contents of answer.** The answer shall respond to the allegations of the motion. In addition it shall state whether the movant has used any other available federal remedies including any prior post-conviction motions under these rules or those existing previous to the adoption of the present rules. The answer shall also state whether an evidentiary hearing was accorded the movant in a federal court.

**(b) Supplementing the answer.** The court shall examine its files and records to determine whether it has available copies of transcripts and briefs whose existence the answer has indicated. If any of these items should be absent, the government shall be ordered to supplement its answer by filing the needed records. The court shall allow the government an appropriate period of time in which to do so, without unduly delaying the consideration of the motion.

**<<RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS>>**

**< Effective February 1, 1977 >**

<General Materials (GM) - References, Annotations, or Tables>

**PROPOSED AMENDMENT OF RULE**

< Effective December 1, 2004, absent contrary Congressional action, this rule is amended to read as follows: >

< Rule 5. The Answer and the Reply >

< **(a) When Required.** The respondent is not required to answer the motion unless a judge so orders. >

< **(b) Contents.** The answer must address the allegations in the motion. In addition, it must state whether the moving party has used any other federal remedies, including any prior post-conviction motions under these rules or any previous rules, and whether the moving party received an evidentiary hearing. >

< **(c) Records of Prior Proceedings.** If the answer refers to briefs or transcripts of the prior proceedings that are not available in the court's records, the judge must order the government to furnish them

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

within a reasonable time that will not unduly delay the proceedings. >

< **(d) Reply.** The moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge. >

**HISTORICAL NOTES**

**ADVISORY COMMITTEE NOTES**

1976 Adoption

Unlike the habeas corpus statutes (see 28 U.S.C. §§ 2243, 2248) § 2255 does not specifically call for a return or answer by the United States Attorney or set any time limits as to when one must be submitted. The general practice, however, if the motion is not summarily dismissed, is for the government to file an answer to the motion as well as counter-affidavits, when appropriate. Rule 4 provides for an answer to the motion by the United States Attorney, and Rule 5 indicates what its contents should be.

There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.

> We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.

*Womack v. United States,* 395 F.2d 630, 631 (D.C.Cir.1968)
Also see *Masters v. Eide,* 353 F.2d 517 (8th Cir.1965). The answer may thus cut short consideration of the motion if it discloses the taking of an appeal which was omitted from the form motion filed by the movant.

There is nothing in § 2255 which corresponds to the § 2248 requirement of a traverse to the answer. Numerous cases have held that the government's answer and affidavits are not conclusive against the movant, and if they raise disputed issues of fact a hearing must be held. *Machibroda v. United States,* 368 U.S. 487, 494, 495 (1962); *United States v. Salerno,* 290 F.2d 105, 106 (2d Cir.1961); *Romero v. United States,* 327 F.2d 711, 712 (5th Cir.1964); *Scott v. United States,* 349 F.2d 641, 642, 643 (6th Cir.1965); *Schiebelhut v. United States,* 357 F.2d 743, 745 (6th Cir.1966); and *Del Piano v. United States,* 362 F.2d 931, 932, 933 (3d Cir.1966). None of these cases make any mention of a traverse by the movant to the government's answer. As under Rule 5 of the § 2254 rules, there is no intention here that such a traverse be required, except under special circumstances. See advisory committee note to Rule 9.

***19256 Subdivision (b)** provides for the government to supplement its answers with appropriate copies of transcripts or briefs if for some reason the judge does not already have them under his control. This is because the government will in all probability have easier access to such papers than the movant, and it will conserve the court's time to have the government produce them rather than the movant, who would in most instances have to apply in forma pauperis for the government to supply them for him anyway.

For further discussion, see the advisory committee note to Rule 5 of the § 2254 rules.

2004 Amendments

[Effective December 1, 2004, absent
contrary Congressional action.]

The language of Rule 5 has been amended as part of general restyling of the rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic and no substantive change is intended.

Revised Rule 5(a), which provides that the respondent is not required to file an answer to the motion, unless a judge so orders, is taken from current Rule 3(b). The revised rule does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the motion. But revised Rule 4(b) contemplates that practice and has been changed to reflect the view that if the court does not dismiss the motion, it may require (or permit) the respondent to file a motion.

Finally, revised Rule 5(d) adopts the practice in some jurisdictions giving the movant an opportunity to file a reply to the respondent's answer. Rather than using terms such as "traverse," *see* 28 U.S.C. § 2248, to identify the movant's response to the answer, the rule uses the more general term " reply." The Rule prescribes that the court set the time for such responses, and in lieu of setting specific time limits in each case, the court may decide to include such time limits in its local rules.

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

## ANNOTATIONS

## NOTES OF DECISIONS

**Pending appeal 2**
**Response to allegations 1**

**1. Response to allegations**

On motion to vacate conviction and sentence, it was necessary only that Government's papers respond to allegations of the motion. U. S. v. Boniface, C.A.9 (Ariz.) 1979, 601 F.2d 390. Criminal Law 🔑1582

**2. Pending appeal**

Defendant's petition to vacate, set aside, or correct defendant's federal sentence had to be dismissed as premature, as direct appeal from same conviction was pending. Tavares v. U.S., D.Mass.1996, 914 F.Supp. 732. Criminal Law 🔑1426(3)

*Amendments received to 05-19-04*

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.