UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IKE WEEMS | | |
| v. | | C.A. No. 04-421-T |
| UNITED STATES OF AMERICA | | |

**MEMORANDUM AND ORDER**

ERNEST C. TORRES, Senior United States District Judge.

Ike Weems has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, Weems' motion is denied.

**Background Facts**

On December 11, 2000, ATF agents went to a home in Providence to arrest Weems on an outstanding warrant. Weems, who was hiding in the attic, fell through the ceiling and onto a bed where he struggled with officers. When officers subdued Weems, they found a .45 caliber/410 gauge revolver capable of shooting shotgun shells, on the bed in the area where Weems fell.

Prior to trial, Weems' motion to suppress evidence of the gun was denied and Weems was tried on a charge of possessing a firearm after previously having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).

Weems' first trial ended when the jury sent a note to the Court stating that it could not reach a verdict and the Court declared a mistrial. Weems, later, was re-tried and the second

trial was recessed when Weems' counsel became ill and fainted. That trial was resumed after the counsel had recovered and Weems was found guilty.

Because Weems had prior convictions for drug trafficking and two assaults with dangerous weapons, he was classified as an armed career criminal under the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e). Accordingly, the presentence report ("PSR") calculated Weems' net offense level as 33, his criminal history category as Category VI and his guideline sentencing range as 235 - 282 months. New counsel for Weems objected to some of the calculations, but this Court adopted them and sentenced Weems to 282 months imprisonment.

Weems appealed, arguing, among other things, that: (1) this Court erred in denying his pretrial motion to suppress the firearm that Weems claimed was seized in violation of the Fourth Amendment; (2) this Court erred in denying Weems' motion for a judgment of acquittal at the end of the first trial; (3) Weems' re-trial violated the double jeopardy clause and (4) the evidence was insufficient to establish that he possessed a firearm. The Court of Appeals rejected those arguments and affirmed Weems' conviction. See United States v. Weems, 322 F.3d 18 (1st Cir. 2003). Certiorari was denied by the Supreme Court on October 6, 2003. Weems v. United States, 540 U.S. 892 (2003).

**The § 2255 Motion**

In his § 2255 motion, Weems makes a multitude of claims and requests an evidentiary hearing. However, no evidentiary hearing is required because all of Weems' claims can be resolved based on the record and the Court's own observations and recollection of the relevant events. See Panzardi-Alverez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1978)(no hearing required where district judge is thoroughly familiar with case).

**Analysis**

None of the numerous claims asserted by Weems has merit. Some are based on factual assertions that are unsupported and/or simply false. Included in this category are claims that, at the second trial, Weems' counsel fell asleep during the direct examination of Christopher Macon; when Weems' counsel fainted, a marshal restrained Weems in the presence of the jury; and a juror fell asleep. This Court was attentive throughout the trial and did not observe any such events. Nor did Weems say anything at the time even though he has demonstrated repeatedly throughout this case that he has no reservations about expressing himself.

Some of Weems' claims also are belied by the record. For example, the tenor and thoroughness of counsel's cross-examination of Macon demonstrate that counsel must have been attentive throughout Macon's direct examination. (See Transcript of Trial,

Day III, October 18, 2001 ["10/18/01 Trial Tr."] at 4-17.)

Other claims made by Weems are patently frivolous. Included in this category are claims (1) that the Court erred in not conducting a formal competency hearing for Weems' counsel after he fainted; (2) that trial counsel was ineffective in failing to request a Franks hearing[1] with respect to issuance of the warrant for his arrest, inadequately arguing a motion for judgment of acquittal, failing to call unnamed witnesses who would have given unspecified testimony that Weems contends would have established his innocence, and failing to object to portions of the jury charge; and (3) that appellate counsel was ineffective in failing to raise, as grounds for appeal, trial counsel's fainting spell and an alleged Blakely violation resulting from the fact that the prior convictions used to enhance Weems' sentence were determined by the Court rather than by a jury.

Still other claims advanced by Weems are foreclosed by the decision of the Court of Appeals on appeal. See Weems, 322 F.3d at 21-26. Included in this category are Weems' claims that this Court erred in declaring a mistrial, that Weems' conviction was based on evidence (i.e., the firearm) seized in violation of the Fourth Amendment, and that the evidence was insufficient to support his conviction.

The reasons why all of Weems' claims lack merit are adequately set forth in the Government's memorandum and are, hereby, adopted by the Court.

---

[1] See Franks v. Delaware, 438 U.S. 154 (1978).

The only claim that warrants any discussion is Weems' claim that his counsel was ineffective in consenting to, rather than objecting, to a mistrial.

Counsel's failure to oppose the granting of a mistrial cannot, by any stretch of the imagination, be deemed unreasonable in light of the jury's statement that it was unable to reach a verdict. Indeed, the conventional wisdom is that requiring a deadlocked jury to continue deliberating, ordinarily, works to the disadvantage of the defendant.

In any event, Weems was not prejudiced by counsel's failure to oppose a mistrial because this Court would have granted a mistrial notwithstanding any objection that counsel might have interposed inasmuch as there was "manifest necessity" for doing so. See United States v. Barbioni, 62 F.3d 5, 7 (1st Cir. 1995)(district court may declare a mistrial over defendant's objection "if it determines that there is a 'manifest necessity' for a mistrial....") (quoting United States v. Ramirez, 884 F.2d 1524, 1528 (1st Cir.1989)).

## Conclusion

For all of the foregoing reasons, Weems' § 2255 motion is hereby denied and dismissed.

ENTER:

Ernest C. Torres
Sr. U.S. District Judge
Date: 2/23/07