**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IKE WEEMS,** Appellant - Defendant | ) | |
| -vs- | ) | **DOCKET NO. 04-421-T** |
| **UNITED STATES OF AMERICA,** Appellee - Respondent | ) | |

**APPLICATION FOR CERTIFICATE OF APPEALABILITY**
**PURSUANT TO FRAP 22(B) AND 28 U.S.C. §2253(C)(2)**

The appellant - defendant, **IKE WEEMS, pro se,** respectfully represents unto this Honorable Court as follows in support of his **APPLICATION FOR CERTIFICATE OF APPEALABILITY PURSUANT TO FRAP 22(B) AND 28 U.S.C. §2253(C)(2)** herein:

**PROCEDURAL POSTURE**

Weems filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 in this Honorable Court. This court entered an order on February 23, 2007, denying the motion. Weems is hereby applying for a certificate of appealability allowing review by the U. S. Court of Appeals for the First Circuit pursuant to Federal Rule of Appellate Procedure 22(b) and 28 U.S.C. §2253(c)(2).

**STANDARD OF REVIEW**

The applicable standard of review with respect to applications for certificates of appealability, as contemplated in Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. §2253(c)(2), is articulated in Slack v. McDaniel, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Under Slack, the certificate of appealability (COA) requirement does not preclude appeal if the district court relies upon debatable

procedural grounds to dismiss a collateral motion.

With respect to his substantive grounds, Weems must make a substantial showing of the denial of a constitutional right, which entails a showing that reasonable jurists could debate whether, or agree that, the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. The denial of Weems' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 has both procedural and substantive overtones which give rise to a showing of the denial of several constitutional rights. The primary ground under which a certificate of appealability is sought is the ground of ineffective assistance of counsel.

## ARGUMENT

Weems has made a substantial showing of the denial of a constitutional right with respect to the issues set forth hereinbelow, and has shown that reasonable jurists could debate whether, or agree that, the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further:

**ISSUE ONE: WEEMS WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE U. S. CONSTITUTION WHEN HIS COUNSEL PROVIDED THE FOLLOWING DEFICIENT REPRESENTATION:**

a. The declaration of mistrial was the product of neither "manifest necessity" nor the consent of Weems

Weems' counsel consented to a mistrial during the first trial without Weems' consent, thus resulting in no bar or impediment to his retrial and subsequent conviction. Consent of defense counsel to a mistrial, where the evidence was insufficient and defense counsel

knew the Government could provide stronger evidence at a new trial, did, in fact, violate Weems' double jeopardy rights. Counsel's waiver of Weems' right to have his trial completed by a particular tribunal was not a voluntary waiver by Weems. Weems was prejudiced by his subjection to double jeopardy in violation of the Fifth Amendment to the U. S. Constitution. The situation did not present a manifest necessity justifying a mistrial and the conduct of a retrial. The mistrial merely gave the United States a chance to strengthen its evidence and receive a "second bite at the apple".

b. Counsel's failure to argue issues of insufficient evidence of possession at the Rule 29 hearing during the first trial was unreasonable and prejudicial

During the first trial, the Government's own witnesses supported a reasonable hypothesis that Weems did not possess the weapon. The lead agent in the case testified that there were no facts indicating that the firearm was not on the boxspring before Weems fell from the ceiling. The Government did not attempt to argue constructive possession as a theory of guilt, even though there was an instruction to the jury on this theory.

Counsel failed to argue issues of insufficient evidence of possession at the Rule 29 hearing during the first trial. This failure constitutes deficient representation. Weems was prejudiced by the court's failure to dismiss the proceeding under Rule 29 and the necessity of undergoing a second trial at which he was convicted.

c. Weems' lawyer provided deficient representation during the second trial by sleeping during the trial, resulting in his "absence" from the courtroom

Weems' lawyer slept for a substantial period during Weems' second trial. His "absence" from the courtroom during his sleep

precluded him from objecting to the Assistant U. S. Attorney showing a witness a gun. This deficient representation prejudiced the defense because the Assistant U. S. Attorney did not construct a foundation at all for her line of questioning by having the witness, Mr. Macon, first describe the gun before the gun was shown to him.

d. Counsel provided deficient representation by fainting in the courtroom and failing to see the U. S. Marshals restrain Weems in the presence of the jury and lead him to his cell

Weems' counsel fainted in the courtroom. Immediately following this event, the U. S. Marshals directed Weems not to move and escorted him to the holding cells through the door directly behind the defense table, all of which took place in the presence of the jury. No record was made of this.

During a conference which followed, the lawyer revealed that he could not remember what happened prior to fainting and requested a copy of the witnesses' testimony in a transcript whom he was cross-examining when he collapsed. The court was obligated to conduct a competency hearing at that juncture but failed to do so.

Counsel provided deficient representation by fainting in the courtroom which prevented him from observing and objecting to the restraint of Weems in the jury's presence, after which he was led to a holding cell. Weems was prejudiced by the image created in the jury's mind when it observed him restrained and being led to a cell.

e. Counsel provided deficient representation by failing to impeach witness Christopher Macon

Subsequent to the time at which Weems' counsel fainted on the second day of trial, he failed to impeach the credibility of Christopher

Macon, a witness, concerning when and where he saw Weems. He further failed to cross-examine Macon with respect to differences in the Government's notice of Macon's expected testimony and his trial testimony. All of such information was available to counsel before trial.

Counsel was extremely deficient with respect to his cross-examination of Macon. Weems was prejudiced by the fact that Macon established that Weems had possessed the firearm in question prior to the advent of the current charges. Effective cross-examination would have established that Macon is a liar and that he had ample reasons to lie in the current proceeding.

f. Counsel was deficient in failing to request a Franks hearing addressing factual discrepancies between Christopher Macon's statements and Special Agent Troiano's statements of information imparted to him by Macon

Agent Troiano's report, allegedly based upon Macon's statements, provided the basis for a subsequent federal warrant for possession of a firearm by a prohibited person in violation of 18 U.S.C. §922(g). The rationale for the federal warrant was Agent Troiano's false statements to the effect that Weems possessed a firearm, verified by Macon's observations. If Weems' counsel had requested a Franks hearing, the hearing would have revealed that Agent Troiano's statements in his affidavits were knowingly and intentionally false. The hearing would have further shown that the only probable cause that the ATF could manufacture to justify issuance of a warrant against Weems was the false evidence of Troiano. The hearing would have invalidated the basis for the federal warrant.

Counsel was deficient for failing to schedule and conduct a Franks hearing. Weems was prejudiced by reason of the fact that he

was convicted without having had the benefit of a Frank's hearing.

g. Weems' counsel provided ineffective representation by failing to object to jury instructions regarding the search and constructive possession

Counsel failed to object to the court's instructions on the law of constructive possession. Special Agent O'Shaughnessy's testimony eliminated the possibility that the jury could find guilt on any theory other than the theory of actual possession. The only evidence introduced by the Government demonstrated that Weems actually possessed the firearm.

Counsel failed to object to the court's instruction regarding the search, which instruction severely undermined Weems' theory of defense. The court instructed the jury as follows:

> And you've heard conflicting evidence in this case about whether Government agents searched 11 PadelFord Street or Padelford Street, I guess it's pronounced, whether the Government Agents searched 11 Padelford Street at the time that Mr. Weems was arrested and whether they caused any damage to the property. That evidence is relevant only to the extent that it may bear on your decision as to whether Mr. Weems actually possessed the firearm that had been introduced in evidence as Governments [sic] Exhibit 1.

This instruction impermissibly limited the jury's consideration of permissible evidence and undermined the theory of the defense. The testimony about the search was probative, not just on the issue of actual possession of the weapon, but also with respect to the issue of the credibility of the law enforcement officials who executed the search.

Shortly thereafter, the court instructed the jury as follows:

> So the firearm is properly part of the evidence in the case and it's not up to you to decide whether it was seized legally or not seized legally. The issue for you to decide is simply whether Mr.

> Weems possessed the firearm, either actually or constructively.

The jury could have construed this instruction to mean that the court has already decided that the firearm is part of the evidence and that the court has decided that it is not the jury's function to determine whether the agents searched the house after Weems was arrested. The defense's theory was that the officers found the gun during a search of the house after he was arrested, and placed on the boxspring at that time.

The Government had to prove a weapon was possessed and the court's instructions relieved the government of its burden. The court also instructed the jury, without an evidentiary basis, that the defendant could be found guilty based either on actual possession or constructive possession:

> If all three requirements are satisfied and the firearm is not on the defendant's person or not within his immediate reach, but he nevertheless has the ability and the intention to exercise control over the firearm, then, the defendant, or a defendant is said to have constructive possession of the firearm. So, in either case, the defendant must have some control over the firearm.

Weems implored his counsel to object to the aforesaid instruction because there was no evidence to support a charge of constructive possession. Counsel failed and refused to object to the instruction.

Counsel was blatantly deficient in failing to object to the foregoing instructions. Weems was severely prejudiced by his deficient counsel by the guilty verdict that would have been a verdict of acquittal in the absence of counsel's deficiencies.

h. Counsel failed to object to the court's opinion when he denied the motion to suppress the firearm even though counsel heard the court misconstrue important facts regarding the illegal search

Counsel scheduled and argued a suppression hearing before the court to determine the legality of the search and the admissibility of evidence seized during the search. Even though counsel clearly heard the court misconstrue key legal distinctions when he denied the suppression motion, counsel failed to object to the court's ruling. Counsel failed to present appropriate arguments that the search went far beyond Weems' person and the area from within which he might have obtained either a weapon or an item that could be used against him. The search was far beyond the scope permitted by the Fourth and Fourteenth Amendments.

Based upon counsel's deficiencies, Weems was denied an opportunity for full and fair litigation of the suppression issues. Weems was prejudiced by the admission of the firearm and other evidence as evidence against him in his trial, in the absence of which he would not have been convicted.

**ISSUE TWO: WEEMS WAS DEPRIVED OF HIS DUE PROCESS RIGHTS AFFORDED BY THE FIFTH AMENDMENT WHEN THE COURT DENIED AN EVIDENTIARY HEARING WITH RESPECT TO THE ISSUES RAISED IN HIS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255**

The court denied Weems' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 without giving Weems the benefit of an evidentiary hearing. Title 28 U.S.C. §2255 provides, in relevant part, as follows:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The motion and the files and records of this case do not conclusively show that Weems is entitled to no relief. In fact,

most of Weems' claims asserted herein are based upon matters which occurred off-the-record, especially conversations with counsel. The court would need the benefit of an evidentiary hearing in order to properly decide any of the foregoing issues. Thus, the court deprived Weems of his right to due process guaranteed by the Fifth Amendment when he failed and refused to grant an evidentiary hearing addressing the foregoing issues.

## CONCLUSIONS

All of the foregoing issues fall within the ambit of Slack as issues requiring the issuance of a certificate of appealability. All issues are debatable by reasonable jurists, who could debate whether, or agree that, the issues should have been resolved in a different manner, specifically, in Weems' favor. Aside from that, the issues presented were adequate to deserve encouragement to proceed further. Weems has made a substantial showing of the denial of a constitutional right with respect to each issue, and the court committed reversible error when it denied Weems' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255.

**WHEREFORE**, the appellant - defendant, **IKE WEEMS, pro se**, respectfully requests that this Honorable Court issue a certificate of appealability embracing the issues set forth herein in accordance with Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. §2253(c)(2); and Weems respectfully requests that this Honorable Court grant such other and further general relief that the court might deem just, fair, and appropriate under the circumstances set forth herein.

I. Weems

**IKE WEEMS**
**Pro Se**

**CERTIFICATE OF SERVICE**

I, **IKE WEEMS, pro se,** do hereby certify that a true and correct copy of the foregoing application was duly forwarded via U. S. first-class mail, postage prepaid, to Dulce Donovan, Assistant U. S. Attorney, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903, this 22nd day of March, 2003.

**IKE WEEMS**